## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

| | |
|---|---|
| JAIME MARTINEZ, | ) |
|       Plaintiff, | ) ) ) |
| v. | )    Case No. 1:22-cv-2413 |
| JANSSEN PHARMACEUTICALS, INC., et al., | ) ) ) |
|       Defendants. | ) ) |

### DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants Janssen Pharmaceuticals, Inc. ("Janssen"), Janssen Research & Development, LLC ("JRD"), Janssen Ortho LLC ("Ortho"), and Johnson & Johnson ("J&J") (collectively, "Removing Defendants") hereby give notice of removal of this action from the Cook County Circuit Court, State of Illinois.[1]  The United States District Court for the Northern District of Illinois, Eastern Division has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all served parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In support of removal, Removing Defendants state as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND.**

1.    Plaintiff Jaime Martinez ("Plaintiff") filed a complaint for damages in the Cook County Circuit Court (County Department, Law Division), State of Illinois, styled *Martinez v.*

---

[1] By removing this action to this Court, Removing Defendants do not waive any defenses, objections, or motions available under state or federal law.  Further, Removing Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal on grounds of lack of personal jurisdiction, insufficient or improper service of process, improper venue, or forum non conveniens.

*Janssen Pharmaceuticals, Inc., et al*. (Case No. 2022 L 001201) (hereinafter the "State Court Action").[2]

2.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, orders, and other documents served on Removing Defendants as of the date of this filing is attached as Exhibit A.

3.  In the Complaint, Plaintiff alleges that he suffered various injuries from using Invokana, a prescription medication approved by the Food and Drug Administration for the treatment of Type 2 diabetes. In particular, Plaintiff alleges that he suffered infections, the amputation of all left toes, a partial left-foot amputation, the amputation of his leg, and other "severe and personal injuries which are permanent and lasting in nature." Compl. ¶¶ 4, 9–10, 45, 65, 90, 183.

4.  Plaintiff asserts the following nine (9) product-liability-related claims against Removing Defendants arising out of his use of Invokana: negligence (Count 1); strict products liability (Count 2); breach of express warranty (Count 3); breach of implied warranties (Count 4); fraudulent misrepresentation (Count 5); fraudulent concealment (Count 6); negligent misrepresentation (Count 7); fraud and deceit (Count 8); and violation of the Illinois Consumer Fraud and Deceptive Practices Act (Count 9). *See id*. ¶¶ 55–189.

## II.  THIS COURT HAS FEDERAL DIVERSITY JURISDICTION OVER THE STATE COURT ACTION.

5.  District courts have federal diversity jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of

---

[2] Of note, Plaintiff voluntarily dismissed this matter on February 8, 2021, but only after the same action was removed to the United States District Court for the Northern District of Illinois (on March 20, 2020 under Case No. 1:20-cv-01900). Prior to Plaintiff's voluntary dismissal of the lawsuit, the action was transferred by the Judicial Panel on Multidistrict Litigation to the multi-district litigation for *In re: Invokana (Canagliflozin) Products Liability Litigation*, MDL No. 2750, United States District Court for the District Of New Jersey.

interests and costs. *See* 28 U.S.C. § 1332(a); *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). As explained below, complete diversity of citizenship exists here, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Thus, the Court has diversity jurisdiction over the State Court Action.

        **A.**      **Complete Diversity of Citizenship Exists.**

6.      Plaintiff alleges that he is a citizen of Illinois. *See* Compl. ¶ 6. For purposes of 28 U.S.C. § 1332(a)(1), Plaintiff is therefore deemed to be a citizen of Illinois.

7.      Plaintiff alleges that Janssen is a Pennsylvania corporation with its principal place of business in New Jersey. *See* Compl. ¶ 15. For purposes of 28 U.S.C. § 1332(c)(1), Janssen is therefore deemed to be a citizen of Pennsylvania and New Jersey.

8.      Plaintiff alleges that JRD is a limited liability company organized under the laws of New Jersey, with its principal place of business in New Jersey. *See* Compl. ¶ 12. JRD's sole member is Centocor Research & Development, Inc., a Pennsylvania corporation with its principal place of business in Pennsylvania. For purposes of 28 U.S.C. § 1332(a)(1), JRD is therefore deemed to be a citizen of Pennsylvania. *See, e.g.*, *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("[L]imited liability companies are citizens of every state of which any member is a citizen.").

9.      Plaintiff alleges that Ortho is a limited liability company organized under the laws of Delaware, with its principal place of business in Puerto Rico. *See* Compl. ¶ 18. Ortho's sole member is OMJ PR Holdings, an Irish corporation with a registered office in Ireland. For purposes of 28 U.S.C. § 1332(a)(1), Ortho is therefore deemed to be a citizen of Ireland. *See, e.g., Belleville Catering*, 350 F.3d at 692.

10. Plaintiff alleges that J&J is a New Jersey corporation with its principal place of business in New Jersey. *See* Compl. ¶ 21. For purposes of 28 U.S.C. § 1332(c)(1), J&J is therefore deemed to be a citizen of New Jersey.

11. Based on the foregoing, complete diversity of citizenship exists under 28 U.S.C. § 1332(a).

### B. The Amount-In-Controversy Requirement Is Satisfied.

12. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.[3]

13. Under section 1446(a), a defendant seeking to remove an action must include in its notice of removal "a short and plain statement of the grounds for removal." The United States Supreme Court has explained that "by borrowing the familiar 'short and plain statement' standard" from Rule 8(a) of the Federal Rules of Civil Procedure, Congress "intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting H.R. Rep. No. 100– 889, p. 71 (1988)) (internal quotation marks omitted). The Court then held that to satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly" but

---

[3] The preponderance of the evidence standard was announced in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112–63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112–10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id*. at 16; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–90 (2014) (explaining the Act); *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 754 (11th Cir. 2010) ("[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.").

"need not contain evidentiary submissions" to support the allegation. *Id*. at 83–84. In so holding, the Court quoted *Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192 (4th Cir. 2008), for the proposition that "a removing party's notice of removal need not 'meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint.'" *Dart*, 574 U.S. at 86 (quoting *Ellenburg*, 519 F.3d at 200).[4]

14. In the Seventh Circuit, a defendant seeking to remove an action based on diversity jurisdiction must put forward a good-faith estimate that the amount-in-controversy requirement is satisfied. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Consistent with the Supreme Court's decision in Dart, however, the defendant is not required to submit proof supporting the amount in controversy where it is facially apparent from the plaintiff's allegations that the amount in controversy exceeds the jurisdictional amount. *See Bunch v. Wal-Mart*, 2009 WL 1076162, at *2–3 (N.D. Ind. Apr. 20, 2009). When the defendant establishes the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *See Oshana*, 472 F.3d at 511.

15. The general federal rule "has long been to decide what the amount in controversy is from the complaint itself." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *see also Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) ("The starting point in determining the amount in controversy is typically the face of the complaint, where the plaintiff indicates the claim's value in her request for relief."). When a plaintiff pleads that he

---

[4] If a court questions a defendant's amount-in-controversy allegation, the court *must* give the parties an opportunity to present evidence relating to the allegation and only then decide whether the preponderance of that evidence shows that the amount in controversy is met. *See Dart*, 574 U.S. at 89 ("Evidence establishing the amount is required . . . when . . . the court questions[] the defendant's allegation.") (emphasis added). In other words, a court may not *sua sponte* remand a removed case based on a deficient amount-in-controversy allegation before giving the defendant an opportunity to cure the alleged deficiency. *See, e.g., Ellenburg*, 519 F.3d at 194, 197–98; *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295–96, 1298 (11th Cir. 2009); *accord Harmon v. OKI Sys.*, 115 F.3d 477, 479 (7th Cir. 1997) (explaining that failure to allege amount in controversy constitutes a "procedural defect" that does not undermine jurisdiction).

meets the amount-in-controversy requirement, a rebuttable presumption arises that the requirement has been satisfied. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) ("[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."); *see also Smith*, 337 F.3d at 892 (explaining that "the amount alleged in the plaintiff's complaint . . . is presumed correct on the assumption that a plaintiff would not fabricate the amount in controversy to meet the federal diversity jurisdiction requirements").

16. Here, Plaintiff seeks damages in excess of the $75,000 statutory minimum. Indeed, he explicitly alleges that he "has been damaged as against the Defendants in an amount in excess of $75,000.00." Compl. ¶¶ 67, 92, 106, 118 (p. 22), 122 (p. 23), 134, 151, 185; *see also id.* at p. 36 (demanding judgment "for such sum of money in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) as shall represent just and fair representation [sic]"). In addition, Plaintiff's attorney filed an affidavit in which he swore under penalty of perjury that "the total money damages sought in this civil suit exceed the amount of $75,000.00." Affidavit Regarding Damages Sought ¶ 2 (attached at Exhibit A to Compl.). Based on these allegations and the sworn statement of Plaintiff's attorney, the amount-in-controversy requirement is satisfied. *See, e.g., St. Paul*, 303 U.S. at 288–89; *Smith*, 337 F.3d at 892.

17. Other allegations in the Complaint also demonstrate that the amount-in-controversy requirement is satisfied. Plaintiff allegedly suffered infections and had to have all his left toes, part of his left foot, and his leg amputated because he used Invokana. *See* Compl. ¶¶ 4, 9–10, 45. In addition, he claims that his use of Invokana caused him to suffer "other severe and personal injuries which are permanent and lasting in nature"—and that it even put him at an "increased risk of premature death." *Id.* ¶¶ 65, 90, 105, 125, 121 (p. 23), 133, 150, 183. Based on these alleged injuries, Plaintiff contends that he suffered and will continue to suffer "physical pain and mental

anguish, including diminished enjoyment of life"; incurred "medical, health, incidental and related expenses"; and will require "lifelong medical treatment," including "medications," "monitoring," "hospital care," and other "services." *Id.* ¶¶ 65–66, 90–91, 183–84; *see also id.* ¶¶ 105, 125, 121 (p. 23), 133, 150 ("Plaintiff requires and will continue to require healthcare and services. Plaintiff has incurred and will continue to incur medical and related expenses. Plaintiff also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions, activation of latent conditions, and other losses and damages. Plaintiff's direct medical losses and costs include physician care, monitoring, and treatment. Plaintiff has incurred and will continue to incur mental and physical pain and suffering.").

18.   It is facially apparent from these additional allegations that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See, e.g., Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (finding amount-in-controversy requirement satisfied based in part on allegations that plaintiff suffered severe and permanent injury resulting in pain and suffering as well as past and future medical expenses and lost wages); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (same, where plaintiff alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement based on injuries sustained to her right wrist, left knee and patella, and upper and lower back); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (same, where plaintiff alleged "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization"); *Chase*, 110 F.3d at 428 (same, based in part on allegations of "serious, disabling physical and

7

mental injuries that would result in loss of future earning potential"); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1066 (S.D. Ill. 2006) (same, where plaintiff alleged he suffered "permanent and disabling injuries and pain and suffering, and that he has incurred and will continue to incur significant medical expenses and loss of income"); *McCoy ex rel. Webb v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) (explaining that "it is obvious from a common-sense reading of the complaint" that the amount-in-controversy requirement was satisfied where plaintiffs alleged permanent injuries, emotional distress, medical expenses, and future loss of income, reasoning that such allegations "should sound warning bells in defendants' ears that significant damages are sought"); *see also Bunch*, 2009 WL 1076162, at *2 (denying remand and holding that it was "facially apparent from the complaint that the controversy exceed[ed] $75,000" where plaintiff "claims to have suffered injury, some of which is permanent, physical pain and mental suffering (which she alleges will continue in the future), and medical expenses and treatment (which she also alleges will continue in the future)").

19.     Further, courts in the Seventh Circuit and across the country routinely find that the amount-in-controversy requirement is satisfied where, as here, a plaintiff alleges severe and permanent injury from a prescription medication. *See, e.g., Baker v. Johnson & Johnson*, 709 F. Supp. 2d 677, 684 (S.D. Ill. 2010) ("It appears from the allegations of Plaintiffs' complaint, which assert that Plaintiffs have suffered severe and permanent personal injuries as a result of taking Levaquin, that an amount in excess of $75,000, exclusive of interest and costs, is in controversy."); *Anderson v. Matrixx Initiatives, Inc.*, 2010 WL 3998785, at *2 (S.D. Ill. Oct. 12, 2010) (similar); *Gilmore v. Bayer Corp.*, 2009 WL 4789406, at *3 (S.D. Ill. Dec. 9, 2009) (similar); *Sanders v. Merck & Co.*, 2007 WL 924497, at *5 (S.D. Ill. Mar. 27, 2007) (similar); *In re Rezulin Prods.*

*Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000").

20. In short, considering the nature of Plaintiff's alleged injuries and his request for compensatory damages, the amount-in-controversy requirement is met.

### III. THE PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL ARE SATISFIED.

21. Plaintiff filed the Complaint on or about February 4, 2022, and he purported to serve it on Ortho on April 13, 2022, on Janssen on April 15, 2022, and on J&J on April 26, 2022.[5] Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b).

22. The Cook County Circuit Court, State of Illinois is located within the Northern District of Illinois, Eastern Division. *See* 28 U.S.C. § 93(a)(1). Venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Northern District of Illinois, Eastern Division is the "district and division embracing the place where such action is pending."

23. No previous application has been made for the relief requested herein.

24. Immediately following the filing of this Notice of Removal, written notice of its filing will be delivered to Plaintiff's counsel, as required by 28 U.S.C. § 1446(d). Removing Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Cook County Circuit Court, State of Illinois, as required by 28 U.S.C. § 1446(d).

25. All procedural requirements for removal under 28 U.S.C. §§ 1441 and 1446 have been satisfied and this case is hereby removed pursuant to the Court's original jurisdiction under 28 U.S.C. § 1332(a).

---

[5] Upon information and belief, JRD has not been served with process of the Complaint and Summons (but is represented by the undersigned counsel) and hereby reserves all defenses (including, but not limited to, any objections as to service of process) in the above-captioned matter.

26.     Accordingly, Removing Defendants remove this action and give notice to Plaintiff and to the Cook County Circuit Court, State of Illinois that the State Court Action shall proceed no further pursuant to 28 U.S.C. § 1446(d).

27.     Removing Defendants demand a trial by jury.


Dated: May 6, 2022                           Respectfully submitted,

                                             BARNES & THORNBURG LLP

                                             */s/ Erin M. Pauley*
                                             Erin M. Pauley
                                             Barnes & Thornburg LLP
                                             One North Wacker Dr., Ste. 4400
                                             Chicago, Illinois 60606
                                             Telephone:   (312) 214-4598
                                             erin.pauley@btlaw.com

                                             *Attorneys for Defendants, Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a copy of the foregoing has been served via electronic mail on the 6th day of May 2022, addressed to:

Brian LaCien
Smith & LaCien LLP
70 w. Madison, Ste. 2250
Chicago, IL 60602
(312) 509-8900
blacien@smithlacien.com

            /s/ Erin M. Pauley